J-A06038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: A.J.L., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: A.J.L. | No. 727 EDA 2014 |

Appeal from the Dispositional Order January 28, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-JV-0000442-2013

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:          **FILED FEBRUARY 24, 2015**

Appellant A.J.L., a juvenile, appeals from an order of the Northampton County Court of Common Pleas adjudicating Appellant delinquent and requiring that he register pursuant to the Sex Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10, *et seq*. We strike the requirement that Appellant register pursuant to SORNA. We affirm the delinquency adjudication and dispositional order in all other respects.

On January 6, 2015, Appellant entered an admission to one count of involuntary deviate sexual intercourse. N.T., 1-6/2014, at 4-13. The court ordered that Appellant undergo psychiatric, psychological, and sexual behavioral evaluations. *Id.* at 20. The court further ordered that Appellant comply with SORNA's lifetime registration requirements. N.T., 1-6/2014, at 20.

On January 28, 2014, the court conducted a disposition hearing and committed Appellant to the Northampton County Juvenile Justice Center's Specialized Treatment Unit. N.T., 1/28/2014, at 28.

On February 27, 2014, Appellant filed a timely notice of appeal. On April 1, 2014, Appellant filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellant Procedure 1925(b). On April 17, 2014, the trial court issued its Rule 1925(a) opinion.[1]

Appellant raises the following issues on appeal:

1. IS JUVENILE SEX OFFENDER REGISTRATION UNDER 42 Pa.C.S. § 9799.10 et seq. INCONSISTENT WITH THE JUVENILE ACT?

2. DOES JUVENILE SEX OFFENDER REGISTRATION UNDER 42 Pa.C.S. § 9799.10 et seq CONSTITUTE PUNISHMENT?

3. DOES JUVENILE SEX OFFENDER REGISTRATION UNDER 42 Pa.C.S. § 9799.10 et seq CREATE AN IRREBUTTABLE PRESUMPTION THAT VIOLATES A JUVENILE'S RIGHT TO DUE PROCESS?

4. DOES JUVENILE SEX OFFENDER REGISTRATION UNDER 42 Pa.C.S. § 9799.10 et seq VIOLATE A JUVENILE'S RIGHT OF REPUTATION?

5. DOES JUVENILE SEX OFFENDER REGISTRATION UNDER 42 Pa.C.S. § 9799.10 et seq VIOLATE THE CRUEL AND UNUSUAL PUNISHMENT CLAUSES OF THE PENNSYLVANIA AND UNITED STATES CONSTITUTIONS?

_____

[1] In its 1925(a) opinion, the trial court found the SORNA registration requirements as applied to juveniles unconstitutional. Opinion, 4/17/2014, at 13.

Appellant's Brief at 4. All issues challenge the application of SORNA to juveniles.

On December 29, 2014, the Supreme Court of Pennsylvania found SORNA's lifetime registration requirements violated juvenile offenders' due process rights. *In re J.B.*, --- A.3d ---, 2014 WL 7369785, at *13 (Pa. Dec. 29, 2014). The Supreme Court found juveniles have a constitutionally protected interest in their reputation. It found SORNA encroaches upon this protected interest by the use of an irrebuttable presumption, i.e., that the juveniles "pose a high risk of committing additional sexual offenses." *Id.* at *10 (citing 42 Pa.C.S. § 9799.11(a)(4)). The Court found SORNA's irrebuttable presumption was not universally true when applied to juveniles and reasonable alternative means existed to determine whether a juvenile posed a high risk of committing an additional offense, including individual risk assessments. *Id.* at *11-12.

Pursuant to *In re J.B.*, SORNA is unconstitutional as applied to Appellant, a juvenile. Appellant shall not be subject to SORNA's registration requirements.

Requirement that Appellant register pursuant to SORNA stricken. Adjudication of delinquency and dispositional order affirmed in all other respects.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/24/2015</u>